UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALEETA BOYD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　　v.<br><br>CITY OF SAN RAFAEL, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-04085-EMC   (EMC)<br><br>**ORDER CLARIFYING SCOPE OF PRELIMINARY INJUNCTION**<br><br>Docket Nos. 98, 100 |

　　　　This Order clarifies aspects of this Court's preliminary injunction issued on October 19, 2023 (Docket No. 98).

　　　　The temporary restraining order issued on August 16, 2023 (Docket No. 19) and extended and modified on September 7, 2023 (Docket No. 67) is no longer in effect. The October 19 preliminary injunction order (Docket No. 98) converted that temporary restraining order into a preliminary injunction. The terms of the TRO as applied to the residents at the Mahon Creek Path who have standing to seek injunctive relief remain in effect as part of the preliminary injunction, but as indicated in the October 19 Order, the preliminary injunction will be narrowed and modified once the preconditions identified in the Order are met.

　　　　To make it clear, the preliminary injunction, including preconditions imposed upon enforcement of the Ordinance at issue, extends only to residents at the Mahon Creek Path who have standing either as individually named Plaintiffs or via membership in the San Rafael Homeless Union. The preliminary injunction does not prevent SMC §§ 19.50 and 19.20.080(C) from being enforced against other persons or in other locations not part of this lawsuit. Further, Defendants are not affirmatively ordered to undertake the preconditions stated in the preliminary injunction order. Rather, those conditions and limitations set forth in the Order only apply in the

event Defendants endeavor to enforce SMC §§ 19.50 and 19.20.080(C) against the aforementioned Plaintiffs in this action.  The injunction is thus prohibitory and not mandatory in nature.  *Cf. LA All. for Hum. Rts. v. Cnty. of Los Angeles*, 14 F.4th 947, 952, 956 (9th Cir. 2021) (applying mandatory injunction standard to injunction ordering "the escrow of $1 billion to address the homelessness crisis, offers of shelter or housing to all unhoused individual in Skid Row within 180 days, and numerous audits and reports").

Defendants are not enjoined from enforcing its general fire and safety codes, including against Plaintiffs in this action residing at the Mahon Creek Path.  However, insofar as it relates to those individuals, the general fire and safety codes may not be used to displace Plaintiffs unless the conditions identified in the preliminary injunction are met.  The general fire and safety codes may not be otherwise used to circumvent the Court's injunction.  To be clear, Plaintiffs are not immunized from arrest or violation of other laws unrelated to camping absent demonstration that such action taken by the City is an attempt to circumvent the preliminary injunction.

As further clarification, the 400 square foot adjustment for camps of up to four persons applies only to Plaintiffs who wish to camp with others and not to those who maintain wholly individual campsites.  It reflects an allowance of 100 square feet per camper.

The Court notes that insofar as Defendants offer individual Plaintiffs suitable housing, those Plaintiffs may lose entitlement to protection from the preliminary injunction.  The offer of suitable housing may constitute a sufficient effort to mitigate state-created danger and/or a reasonable accommodation under the Americans with Disabilities Act and would shift the balance of hardships amongst the parties.  The offer may also render the individual voluntarily homeless, making a claim under the Eighth Amendment inapplicable.  To the extent that Defendants make any such offers for the provision of suitable housing, Defendants may seek a modification of the preliminary injunction as to any resident to whom such an offer is made.

Defendants identify Plaintiff Courtney Huff specifically as a Plaintiff that lacks entitlement to the Court's preliminary injunction because she resides in an apartment from time to time.  To this end, Ms. Huff testified at oral argument that she has an apartment.  However, Ms. Huff attested that she resides at the Mahon Creek Path encampment periodically because she has been

1  sexually assaulted in her apartment and has suffered from domestic violence.  Docket No. 1, Ex. J,
2  Huff Decl. ¶ 6.  Ms. Huff is afraid to stay at her apartment sometimes because her ex has
3  threatened to murder her in her home; she fears being attacked again.  *Id.* ¶ 7.  Further, Ms. Huff
4  attests that she has been subjected to human trafficking and she continues to fear the group that
5  trafficked her.  *Id.* ¶ 8.  These issues are exacerbated by the fact that Ms. Huff is not allowed to
6  change the locks on her apartment, or she will face eviction.  *Id.* ¶ 9.  Thus, she fears residing at
7  her home.  *Id.* ¶¶ 6–9.  To this end, Ms. Huff sometimes resides at the Mahon Creek Path to be
8  afforded protection by sleeping in a group of people she trusts.  *Id.* ¶¶ 10–11.

9  The City has questioned the veracity of Ms. Huff's fear, stating that she has gone to the
10 camp where her former abuser resides.  *See* Docket No. 27, Murphy Decl. ¶ 24(e).  This is not
11 sufficient to negate Ms. Huff's attestation in this posture.  It is not clear the circumstances under
12 which Ms. Huff went to her former partner's campsite and the City does not account for Ms.
13 Huff's fears regarding human trafficking.  Accordingly, the Court cannot say, based on this record,
14 that Ms. Huff is residing at the Mahon Creek Path voluntarily.  Rather, Ms. Huff appears to rely
15 on camping therein to protect herself from revictimization.  Accordingly, based on the current
16 record, Ms. Huff still has standing to obtain relief under the preliminary injunction.

17 Regarding membership in the San Rafael Homeless Union, the Court orders the Union to
18 provide a list of Union members that resided at the Mahon Creek Path as of the date the
19 preliminary injunction was ordered to Defendants.  This exchange of information must occur
20 within one week of the November 1, 2023, hearing. The parties shall meet and confer to consider
21 an appropriate mechanism to share the requisite information, *e.g.*, by way of Protective Order to
22 ensure Union members are afforded privacy as needed.  The point is that only those persons who
23 resided at the Mahon Creek Path as of the date of the preliminary injunction may claim protection
24 thereunder, and the City has an obvious interest in knowing who those persons are.
25 //
26 //
27 //
28 //

To the extent that disputes arise as to compliance or enforcement under this Court's injunction, and absent an emergency, the parties shall confer before Judge Illman to seek resolution of any such dispute prior to filing a motion before this Court.  The Court further encourages parties to consider a global settlement through negotiations and discussion before Judge Illman.

**IT IS SO ORDERED**.

Dated: November 2, 2023

_____
EDWARD M. CHEN
United States District Judge