UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALEETA BOYD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SAN RAFAEL, et al.,<br><br>　　　　Defendants. | Case No.  23-cv-04085-EMC   (EMC)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Docket No. 101 |

The present motion was filed by Mr. Nelson in response to the City issuing an abatement notice to remove wooden pallets beneath his tent; the wooden pallets were deemed unsafe by the City. Docket Nos. 101-2, 101-4. The abatement notice is premised upon general city and state fire and safety codes.[1] *Id.*

Mr. Nelson initially alleged that the abatement notice, in conjunction with statements made by City officials, constituted a threat of eviction. Docket No. 101 ¶¶ 1, 26. However, at oral argument on this motion held on November 1, 2023, Mr. Nelson reframed his concern, stating he was unable to comply with the abatement notice. Specifically, he stated he has an injured hand that prevents him from removing the wooden pallets and replacing them with material such as plastic to keep his tent off the ground and free from flooding. The City represented at oral argument that it will provide Mr. Nelson with assistance replacing his wooden pallets as is needed. Mr. Nelson also stated at that time that he has people in the area that can help him replace his wooden pallets with an alternative material and does not need assistance. The City also stated it does not seek to evict Mr. Nelson, arrest him, or otherwise displace him at this time. The issue at

---

[1] The statutes cited in the abatement notice include SMC §§ 4.08.040(C), 12.116.010, 12.105.010, 19.20.080(R), 11.04.030.010(A), California Fire Code § 114, and California Building Code § 116.

1 present is removal of two wood pallets from under Mr. Nelson's tent.

2 In light of these representations, and the evidence in the record, the Court find that there is
3 no irreparable harm presented absent a temporary restraining order; injunctive relief is thus not
4 appropriate at this time. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)
5 (finding that entitlement to preliminary injunctive relief requires showing irreparable harm in the
6 absence of injunctive relief).

7 Further, given that the City is not seeking to displace Mr. Nelson, a contempt order is
8 likewise not appropriate here. *See* Docket No. 98 at 49 (" To be clear, this preliminary injunction
9 does not prevent the City from currently enforcing its conventional fire and safety codes which
10 are generally applicable so long as Plaintiffs are not displaced.").

11 Accordingly, the Court hereby **DENIES** Plaintiff Brian Nelson's motion for temporary
12 restraining order. Docket No. 101. To the extent that Mr. Nelson requires assistance in replacing
13 his wooden pallets with non-flammable supports, the Court expects the City to adhere to its
14 representation that it will assist Mr. Nelson in this effort.

16 **IT IS SO ORDERED**.

18 Dated: November 2, 2023

_____
EDWARD M. CHEN
United States District Judge

2