UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHALEETA BOYD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF SAN RAFAEL, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-04085-EMC<br><br>**ORDER CONDITIONALLY GRANTING DEFENDANT'S EMERGENCY MOTION FOR LIMITED RELIEF FROM INJUNCTION**<br><br>Docket No. 166 |

　　　　The Court held a hearing on the City's emergency motion for relief on June 13 and 14, 2024. At the end of the hearing, the Court conditionally granted the City's motion. This order memorializes the Court's rulings.

　　　　The City seeks to relocate ten to eleven individuals who camp along Francisco Boulevard West because of asserted fire risks related to that encampment. The City argues that the Court's preliminary injunction does not apply to these individuals in the first place but that, even if it did, the injunction allows the City to address health and safety risks and there is such a risk here.

　　　　As a preliminary matter, the Court notes that there is a dispute as to whether any of the individuals are covered by the preliminary injunction. According to the City, the injunction applies only to those individuals who resided at Mahon Creek Path at the time the preliminary injunction was entered (October 19, 2023), and none (or at most one) of the individuals residing at Francisco now lived at Mahon Creek Path as of that date. Plaintiffs suggest that the latter may not be true. Plaintiffs further assert that the former is incorrect – contending that the injunction also applies to persons who were named on a list created in February 2024; those persons were

identified (via a Survey conducted by the City) as living in the general area in early December 2023. According to Plaintiffs, the individuals living on Francisco were named on the February 2024 list and one was on the October list.

    For purposes of the pending motion, the Court need not dispositively rule which party is correct on the dispute above. Even if the City were ultimately correct, at this point, the Court finds that there is a serious question as to whether at least some of the individuals living on Francisco are protected by the preliminary injunction. In light of that circumstance, the Court evaluates the likelihood of irreparable injury and the balance of hardships.

    Here, the City has substantiated that there is not an insignificant risk of fire at or near the Francisco encampment. There appears to have been more than one fire in the area. *See* Miller Decl. ¶ 5. Even if the campers were not responsible for any or all of the fires (the City does not attribute the most recent fire to the campers), that does not mean that there is no fire risk stemming from their occupation at or near the property line of the roofing business. The fire risk is exacerbated by the existence of highly flammable materials at Marin Roofing (*e.g.*, propane tanks), *see* Miller Decl. ¶ 9, and the proximity of the camp tents/structures to Marin Roofing (many right up against the Marin Roofing fence). The risk of a fire presents a risk of irreparable injury.

    As for the hardship to Plaintiffs, there is evidence that the individuals living on Francisco can be relocated to a nearby area along Mahon Creek Path. Because the new City ordinance allows for campsites to be ten feet away from other campsites, it appears that the individuals living on Francisco can be accommodated in the Mahon Creek Path area, even if a ten-foot setback is required from private property. (No setback is required for public property, and thus the "creek side" area discussed at the hearing can be used to camp without a setback, even though a campsite may be a little smaller than 20 x 10 feet (*e.g.*, may be 20 x 9 feet instead)).

    Taking into account the above, the Court finds that the balance of hardships tips in the City's favor. Indeed, with the accommodations promised by the City as to relocation and the protections accorded herein, it is questionable whether there is any irreparable injury facing the Francisco campers.

2

Accordingly, the Court hereby **GRANTS** the City's motion for relief and shall allow it to relocate the ten to eleven individuals living on Francisco to the nearby area along Mahon Creek Path. The Court's ruling here is conditioned on sufficient space being available in the Mahon Creek Path area such that camping there by the individuals would not be in violation of the current City ordinance. The ruling is also conditioned on the following:

- The City shall not relocate any individuals until noon on June 18, 2024, at the earliest. This relief is being provided to ensure that the individuals have sufficient time to prepare for relocation.
- The City shall provide tents to any individuals in need of tents because of the relocation. (It appears that most of the individuals currently live in built structures, not tents. *See* Hess Decl. ¶ 2.)
- The City shall provide relocation assistance to any individuals in need of assistance.
- Although all individuals are to be relocated, the City shall not, for the time being, destroy or remove the built structures, as those structures are currently the subject of administrative appeals. Specifically, the persons who reside in those structures have appealed abatement orders finding the structures are in violation of building codes. An administrative hearing on those appeals is set for June 25, 2024. The residents of the built structures are to be given their due process rights to have their appeals heard through at least this first level of appeal. Hence, the Court does not rule on the requested abatement based on fire risk since the unoccupied structures pose little risk of fire especially since the Court, as noted below, is permitting the City to require removal of highly flammable personal items. The fire-based abatement may be addressed, if necessary, subsequently.
- Although the built structures cannot be destroyed or removed through at least June 25, the City may remove highly flammable personal property from the encampment area.

3

- The Court expects the parties to coordinate so that Plaintiffs' counsel may be present during removal and the move. The Court also expects the parties to meet and confer in good faith should there be any disputes about what should be removed. If disputes remain even after a good faith meet and confer, the parties may reach out to Judge Illman for assistance. The Court also expects the parties to work together to ensure that there is no new occupation or "reoccupation" of the Francisco encampment.

The parties shall file a joint status report on June 26, 2024, reporting back to the Court on the results of the appeals related to the built structures.

This order disposes of Docket No. 166.

**IT IS SO ORDERED**.

Dated: June 14, 2024

_____
EDWARD M. CHEN
United States District Judge